IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CAMACHO KAWAGISHI, | No. 2:22-CV-0919-DMC |
| Plaintiff, | |
| v. | ORDER |
| OCWEN LOAN SERVICING, LLC, et al., | |
| Defendants. | |

       Plaintiff, who is proceeding pro se, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 7 (minute order reassigning case to Magistrate Judge). Pending before the Court is Defendant's unopposed motion for terminating sanctions, ECF No. 35.

       Defendants move for terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) for Plaintiff's failure to comply with the Court's prior order compelling Plaintiff to sit for her deposition. See ECF No. 35. A review of the docket reflects that, on March 6, 2023, Defendant filed a motion to compel Plaintiff to sit for her deposition. See ECF No. 29. Plaintiff did not oppose the motion, which the Court granted on March 24, 2023. See ECF No. 29. The Court ordered Plaintiff to appear for a properly noticed deposition within 30 days of the Court's order. See id. The Court also ordered Plaintiff to pay reasonable expenses

associated with Defendant's motion to compel within 30 days of the Court's order. See id.

According to Defendant, Plaintiff failed to respond to Defendant's requests to schedule her deposition. See ECF No. 35, pg. 2. Plaintiff also failed to pay reasonable expenses as ordered by the Court. See id. The Court also notes that Plaintiff failed to appear at a settlement conference hearing set before the Hon. Jeremy D. Peterson on May 10, 2023. See ECF No. 34 (minutes). Finally, Plaintiff has failed to oppose the pending motion for terminating sanctions.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

The foregoing factors weigh in favor of granting Defendant's motion for terminating sanctions. Plaintiff's failure to comply with the Court's order to provide discovery thwarts the public's interest in speedy resolution of this case, the Court's need to manage its docket, and the ability to resolve this case on the merits. Further, Plaintiff's failure to participate

in discovery results in prejudice to Defendants' ability to defend. Finally, given Plaintiff's failure to pay reasonable expenses as previously order, it does not appear that a less drastic sanction is available.

        Accordingly, IT IS HEREBY ORDERED as follows:

    1.    Defendant's unopposed motion for terminating sanctions, ECF No. 35, is GRANTED.

    2.    This action is dismissed without prejudice for lack of prosecution and failure to comply with the Court's prior order.

    3.    All pending deadlines and dates, including the final pre-trial conference set for September 6, 2023, and jury trial set to commence on September 25, 2023, are VACATED.

    4.    The Clerk of the Court is directed to enter judgment and close this file.

Dated: July 24, 2023

                                      DENNIS M. COTA
                                      UNITED STATES MAGISTRATE JUDGE